IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO.: 3:22-cr-98 |
| ) | |
| v. ) | **FACTUAL BASIS** |
| ) | |
| DESMON TAYLOR MOORE ) | |
| ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. All activity described in this Factual Basis occurred within the Western District of North Carolina.
2. From on or about at least 2021 until on or about March 1, 2022, Desmon Taylor Moore (Defendant) was not a licensed dealer of firearms within the meaning of Chapter 44, Title 18, of the United States Code. While unlicensed to manufacture or deal firearms, Defendant engaged in the business of doing both by devoting time, attention, and labor to manufacturing and selling firearms with the principal objective of livelihood and profit through sale or distribution, in violation of 18 U.S.C. § 922 and as further defined in § 921.
3. When the term "machinegun" is used in the following paragraphs of this Factual Basis, the item referenced has been determined by an expert with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) to meet the definition of "machinegun" in 26 U.S.C. § 5845, that is: The term "machinegun" means any

weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

4. On October 5, 2021, Defendant sold, for U.S. currency, a machinegun, a Good Time Outdoors, model Core 15, 5.56 caliber pistol, to a confidential informant working on behalf of ATF.
5. On November 4, 2021, Defendant sold, for U.S. currency, a machinegun, specifically a machine gun conversion kit (commonly, and hereinafter, referred to as a "Glock Switch") to a confidential informant working on behalf of ATF.
6. On November 18, 2021, Defendant sold, for U.S. currency, a machinegun, a Glock, model 19, 9mm pistol with affixed Glock Switch, to an undercover law enforcement officer (UC). Later that day, Defendant sold, for U.S. currency, a Smith and Wesson, model M&P 40, .40 caliber pistol, to the UC.
7. On December 3, 2021, Defendant sold, for U.S. Currency, a machinegun, a Glock Switch, to an UC. At the same time, Defendant sold a privately-made pistol to the UC.
8. On December 16, 2021, Defendant sold, for U.S. currency, two machineguns, Jacob Grey model JG15 5.56 caliber pistols, to an UC.
9. On January 26, 2022, Defendant sold, for U.S. currency, a machinegun, a privately-made firearm, 9mm caliber pistol, with affixed Glock Switch and affixed firearm silencer, to an UC. Defendant also sold an UC another privately-made firearm. On this date, Defendant taught a class in his garage to two undercover officers wherein he instructed them on how to manufacture/build privately-made firearms and discussed his own involvement in such activity.
10. On March 1, 2022, Defendant sold, for U.S. currency, a machinegun, a Glock, model 17, 9mm caliber pistol with affixed Glock Switch, to an UC.
11. At various times during the events described in this Factual Basis, Defendant made statements to the confidential informant and UCs that demonstrated that he knew the essential characteristics of the Glock Switches (that ultimately qualify them as machineguns pursuant to the definition in 26 U.S.C. § 5845) and made statements to the confidential informant and UCs that demonstrated he knew that it was illegal to possess or sell Glock Switches.
12. Defendant acknowledges, as stated in his Plea Agreement, that he was involved in the manufacture and/or sell and/or distribution of a total of more than 200 firearms.

[End of Factual Basis.]

DENA J. KING
UNITED STATES ATTORNEY

*[signature]*
DAVID W. KELLY
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the Plea Agreement. I hereby certify that the defendant does not dispute this Factual Basis.

*[signature]* DATED: 7/20/2022
~~Adrienne Z. Gatchell~~, Attorney for Defendant
Scott H. Gsell

*[signature]* DATED: 7/20/2022
DESMON MOORE